HERBERT A. CADE, Judge Pro Tem.
Lee Parker was charged by bill of information with two counts of simple burglary in violation of R.S. 14:62.2. His motion for severance was denied and the counts were tried together to a jury. Parker was found guilty of attempted simple burglary on the first count, and on the second count guilty as charged. He received six and twelve year consecutive sentences. On appeal he argues only that his motion to sever was improperly denied.
The first burglary occurred June 19, 1984 at 2007 Adams Street in New Orleans. Investigating officers found a side window opened with the burglar bars removed. The officers also found an opened door on the opposite side of the house. The scene was dusted for fingerprints and two partial *863 prints matching Parker’s prints were lifted. A neighbor came forward claiming to have witnessed the burglary, and subsequently was able to identify Parker.
The second burglary occured August 27, 1984 at 1716 Pine Street in New Orleans. Screens on the kitchen and bedroom windows to the rear of the house were pried off and a window forced up and left open. Eight partial prints taken from inside this window matched Parker’s fingerprints.
Article 493 of the Code of Criminal Procedure permits joinder of offenses in certain situations:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
Article 495.1 allows severance of offenses, in the discretion of the trial judge, “[i]f it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together ...” Factors to be considered in the exercise of discretion are set forth in State v. Washington, 386 So.2d 1368, 1371 (La.1980), as follows:
... the trial court must weigh the possibility of prejudice versus the important consideration of judicial economy and administration. In determining whether prejudice may result from the joinder, the court should consider whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile.
See also State v. Robinson, 404 So.2d 907 (La.1981) (joinder not prejudicial where evidence of each offense is relatively simple and distinct).
Because the burglaries charged are clearly offenses “of the same or similar character,” and are “triable by the same mode of trial,” we have only to consider whether the trial judge abused his discretion in refusing to find Parker prejudiced by the joinder. On this record we must conclude that he did not. There is nothing to suggest that the jury was confused by the several counts or was unable to keep the charges and evidence separate in its deliberations. To the contrary, the evidence on each count is simple, distinct, and convincing; the jury returned separate and different verdicts as to each. Nor has it been shown that Parker was in any manner hampered in presenting his defenses, or that criminal disposition might have been inferred by the jury. Especially in view of the verdict of attempted burglary returned on the first count — a lesser offense included in the offense charged — we will not suppose that the jury was hostile toward Parker. Refusal to order severance was entirely proper and was well within the discretion of the trial judge.
The convictions and sentences are affirmed.